STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

C.E. BRADLEY, JR.,

Plaintiff,

v.

U.S. PACKAGING, INC., RICHARD
D. HALL, MARK C. SPECKMAN, and
CLARENCE C. DUKESHIRE,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
95-CVS-8986

ORDER ON
SUMMARY JUDGMENT

{1} THIS MATTER came on for hearing and was heard by the undersigned Judge on June 27, 1997 on the Motion to Dismiss and Motion for Summary Judgment of the Defendants Hall and Speckman, the Motion for Summary Judgment of the Defendant U.S. Packaging, Inc. and the Plaintiff�s Motion for Summary Judgment. The Court has reviewed the facts and matters of record, heard the arguments of counsel, reviewed the submissions of the parties in support of and in opposition to these motions. In making this ruling, this Court has not relied on the Affidavits of James W. Sharrard, Doug Beane and Joseph E. Johnson. Based on the foregoing, the Court concludes, as a matter of law, that the Motion to Dismiss of the Defendants Hall and Speckman, the Motion for Summary Judgment of the Defendants Hall and Speckman, and the Motion for Summary Judgment of the Defendant U.S. Packaging, Inc. all should be DENIED and that the Motion for Summary Judgment of the Plaintiff should be GRANTED.

{2} In order to make clear for appellate review this Court�s reasoning in making these rulings, this Court makes the following:

### FINDINGS OF FACT

{3} 1. The record is clear and undisputed in this matter that the Promissory Note (the "Note") which is the subject of this action, was subject to valid Subordination Agreements with NCNB, later NationsBank, and could not have been sued upon in 1990 at the time of the trial of the prior action involving these parties and styled as follows: U.S. Packaging, Inc., Mark C. Speckman and C. C. Dukeshire, Plaintiffs, versus Cecil Edward Bradley, Jr. and Eagle Products, Inc., Defendants and Third-Party Plaintiffs, versus Richard D. Hall, Robeson Associates, a North Carolina General Partnership; and MEDD Leasing, a North Carolina General Partnership; Third-Party Defendants, filed in the General Court of Justice, Superior Court Division of Guilford County, North Carolina; case no. 87 CVS 7167 (the "Prior Action"). These Subordination Agreements provided that the Note could not be sued upon or collected until such time as all indebtedness owed by U.S. Packaging, Inc. to NCNB, later NationsBank, was paid in full. The indebtedness of U.S. Packaging, Inc. to NationsBank was not paid in full until 1995 and, accordingly, the bar to suit provided for in the Subordination Agreements prevented any claim by the Plaintiff from being asserted or litigated in the Prior Action.

{4} 2. This Court has reviewed the entire transcript and exhibits from the Prior Action, together with the opinion of the Court of Appeals in that other action involving these parties and filed in the General Court of Justice, Superior Court Division of Guilford County, styled as follows: C. E. Bradley, Jr., versus Richard D. Hall, Mark C. Speckman, Clarence C. Dukeshire, U.S. Packaging, Inc., and Robeson Associates, a North Carolina General Partnership, Case No. 92 CVS 8282 (the "Declaratory Judgment Action"). It is this Court�s view, and it so finds, that granting summary judgment to the Plaintiff in this case does not the constitute a modification, amendment, or alteration of judgment entered by The

Honorable William H. Freeman in the Prior Action, nor is the granting of summary judgment in this case to the Plaintiff and against the Defendants inconsistent in any way with the opinion of the Court of Appeals in the Declaratory Judgment Action.

{5} 3. The Court finds on review of the record in the Prior Action that it was tried on the premise and agreement of the parties that the Note which is the subject of this action was a valid and outstanding indebtedness both as of the date of valuation in 1987 of U.S. Packaging, Inc., MEDD Leasing and Robeson Associates, and as of the time of trial of the Prior Action in 1990. For this reason, this Court finds that summary judgment in favor of the Plaintiff and against the Defendants is consistent with the determination of the fair value of Bradley�s interests in U.S. Packaging, MEDD Leasing and Robeson Associates made by Judge Freeman in the Prior Action. This Court further finds that to prohibit suit and recovery by the Plaintiff on the Note would, in fact, be inconsistent with Judge Freeman�s determination of the fair value of Bradley�s interest in U.S. Packaging, MEDD Leasing and Robeson Associates in the Prior Action.

{6} 4. This Court finds that the expert who testified in the Prior Action on behalf of Bradley and the expert who testified in the Prior Action on behalf of U.S. Packaging, Inc., MEDD Leasing, Robeson Associates, Richard D. Hall, Mark C. Speckman and C. C. Dukeshire relied for their opinions as to the fair value of U.S. Packaging, Inc. on the company�s financial statements, as audited by the accounting firm of Sharrard McGee & Co. These audited financial statements reflect the Note which is the subject of this action as a valid and binding obligation of U.S. Packaging, Inc. These experts� opinions were further based on the financial records and statements of U.S. Packaging, Inc. which also reflected the Note which is the subject of this action as an outstanding indebtedness of U.S. Packaging, Inc. which had not been paid. This Court finds no evidence in the record of this case, which record includes the transcript of the trial of the Prior Action, that there was any evidence introduced in the Prior Action, and certainly no finding on the part of Judge Freeman, as to the face or discounted value of the Note. This Court further finds that there were specific determinations made by Judge Freeman with respect to the value of Bradley�s stock in U.S. Packaging, Inc. and the value of his interests in MEDD Leasing and Robeson Associates. In this regard, the Court finds that there was not any determination made, or evidence offered, with respect to the value of the Note for purposes of Judge Freeman valuing it as a part of Mr. Bradley�s interests being purchased pursuant to the Order dated March 14, 1990 of The Honorable Russell G. Walker entered in the Prior Action, and pursuant to which Judge Freeman proceeded, at trial, to value Bradley�s stock in U.S. Packaging, Inc. and his partnership interests in MEDD Leasing and Robeson Associates.

{7} 5. From this Court�s review of the Order dated March 14, 1990 of The Honorable Russell G. Walker entered in the Prior Action, it is evident to this Court, and this Court so finds, that Judge Freeman was carrying out the Order of Judge Walker. The March 14, 1990 Order directed that the relief being granted "is the purchase of . . . Bradley�s shares in the . . . corporation by the corporation, or other plaintiff-shareholders at their fair value as of the date . . . Bradley ceased his employment with the . . . corporation in March of 1987." Judge Walker goes on to direct the fair value of Bradley�s interest in the partnerships be determined using the term "interests" as opposed to "shares." Further in his Order he states that Bradley�s shares of stock, representing a 25% interest in U.S. Packaging, Inc. shall be purchased, and goes on to direct that the fair value of such shares be determined by the Court. This Court concludes that a fair reading of Judge Walker�s Order, and Judge Freeman�s subsequent judgment, mandates the conclusion, and this Court so finds, that Judge Freeman determined the fair value of the stock of Bradley in U.S. Packaging, Inc. and not the value of some broader interest, including the Note.

{8} 6. This Court notes that Judge Freeman, at several points during the trial of the Prior Action, indicated that he was valuing the shares of the Plaintiff Bradley in U.S. Packaging, Inc. and Bradley�s partnership interests in MEDD Leasing and Robeson Associates. Nowhere did Judge Freeman indicate, in any way, that he was including in his valuation and judgment the face value or a discounted value of the Note at issue in this case.

{9} 7. In reaching the conclusion reflected in this Order on Summary Judgment, this Court relied in particular on the following portions of the transcript from the trial of the Prior Action. The following portions are hereby incorporated into this Court�s findings of fact:

(a) Portions at pages 10 and 11 wherein the attorneys for the parties agreed on the value of the partnerships as of April 30, 1987 and that those values included balances due on a promissory note to Branch Banking & Trust ("BB&T"). The funds borrowed from BB&T were then loaned by the shareholders of U.S. Packaging, Inc., including Plaintiff, to U.S. Packaging which gave the Note at issue in this case to its shareholders in return.

(b) The balance due on the Note is confirmed on page 18 by the admission, without objection, of Robeson Exhibit 24, which showed the outstanding indebtedness to BB&T of $419,208.66, resulting in a negative net worth of Robeson Associates.

(c) The balance due on the Note is further confirmed on page 26 where the attorneys for the parties stipulated the value of the partnership interest pursuant to Robeson Exhibit 24.

(d) There was further stipulation on page 29 to the effect that whatever issues Judge Walker did not specifically indicate had survived for trial had either been mooted or withdrawn. Judge Walker�s Order specifically references that those other interests were partnership issues, back pay and breach of fiduciary duty claims by Bradley. Those were the three other issues that Judge Walker referred to in his Order.

(e) At page 86, Jackson N. Steele, Esq. who represented U.S. Packaging, Inc., Mark C. Speckman, C. C. Dukeshire, MEDD Leasing and Robeson Associates in the Prior Action, made inquiry of Mr. Bradley wherein Mr. Steele specifically asked questions about the value of Bradley�s stock in U.S. Packaging, Bradley�s interests in the partnerships, and the Note which is the subject of this action.

(f) There was testimony elicited at page 87 of the transcript about NCNB requiring subordination of the Note.

(g) Mr. Steele made a statement at page 115 of the transcript that the Court had ordered Mr. Bradley to sell his stock in U.S. Packaging, and that the valuation would be determined as of March 1987.

(h) There was examination of the Defendant Speckman by his counsel, Mr. Steele, at pages 270 and 271, wherein Mark C. Speckman testified concerning the existence of the Note owed to the shareholders, and the

fact that the money was still owed on the Note.

(i) Consistent with his earlier testimony, Speckman testified again, at page 293 of the Transcript of the trial of the Prior Action, that U.S. Packaging, Inc. owed each of the shareholders $125,000.00.

(j) At page 294 there is testimony concerning negotiations held by Defendant Richard D. Hall with Defendant Mark C. Speckman concerning the purchase of Richard D. Hall�s stock in U.S. Packaging, Inc., his partnership interests and the discounted value of Hall�s portion of the Note for a total of $400,000.00. This testimony indicates, and this Court so finds, that Defendants Mark C. Speckman and Richard D. Hall, consistent with earlier testimony and the books, records and financial statements of U.S. Packaging, Inc., considered and treated the Note to be a valid and existing obligation of U.S. Packaging, Inc., albeit subordinated to payment of U.S. Packaging�s indebtedness to NCNB. Similarly, at page 304, Speckman gives testimony concerning possible purchase of Hall�s stock and interest in the Note. There is similar testimony to this effect at page 308. Consistent with this testimony, there is testimony at pages 390-91 concerning the subordination of the Note to NCNB.

(k) The Court has also reviewed the testimony of Mr. Napier, the expert who testified in the trial of the Prior Action on behalf of U.S. Packaging, Inc., Richard D. Hall, Mark C. Speckman, C. C. Dukeshire, MEDD Leasing and Robeson Associates. This testimony appears at pages 407-435. In particular, this Court took note of Mr. Napier�s testimony appearing at pages 407, 408, 410, 411, 420 and 421. Here, Mr. Napier testified about the highly leveraged condition of U.S. Packaging and how it affected value and the fact that a balance sheet approach was not a relevant method of valuation because of the highly leveraged position of the company.

(l) In making its ruling herein, this Court also relied upon Mr. Napier�s valuation at page 441 of only $103,600.00 for the value of Mr. Bradley�s stock in U.S. Packaging, and the fact that Mr. Napier determined that value based purely on a capitalization of earnings approach. This Court finds that there could not, in the capitalization of earnings approach, and in the figure of $103,600.00, been any value placed, even a discounted value, on the Note.

(m) In arriving at its ruling in this matter, the Court specifically took note of Defendant Richard D. Hall�s testimony at page 448 in the trial of the Prior Action

concerning the fact that the Note was considered separately from the value of his stock in U.S. Packaging and his partnership interests.

(n) This Court also relies for its ruling on a number of statements in the transcript from Judge Freeman wherein he indicated that he was determining the actual value of Mr. Bradley�s shares in U.S. Packaging. These references made by Judge Freeman are found at pages 501, 508, 516 and 517 of the transcript of the Prior Action.

(o) In addition, this Court noted, and notes for purposes of this Judgment, the statements made by Jackson N. Steele, Esq. counsel for U.S. Packaging, Inc., Mark C. Speckman, C. C. Dukeshire, Robeson Associates and MEDD Leasing in his closing and subsequent argument. These references are found at pages 519, 520, 523, 525, 530 and 531 of the transcript. In these references, Mr. Steele referred repeatedly to the value of Mr. Bradley�s <u>stock</u> and who would buy Mr. Bradley�s <u>stock</u> in U.S. Packaging, and that there was a determination as to the fair value of Mr. Bradley�s <u>stock</u>. Nowhere was there any indication, argument or contention that Mr. Bradley�s interest in, or the Note itself, was part of the value of Bradley�s stock being purchased in the Prior Action.

{10} 8. Based on this Court�s review of the pleadings, discovery, submissions and arguments of counsel, the transcript in the Prior Action, and in particular those citations to the transcript in the Prior Action set forth above, this Court concludes and finds as a fact that granting summary judgment to the Plaintiff on the Promissory Note in this case is entirely consistent with the proceedings in the Prior Action and is not, in any way, an amendment, alteration or addition to the judgment in the Prior Action as the Court of Appeals ruled was the case in the Declaratory Judgment Action. This Court views this case differently from the situation presented by the Declaratory Judgment Action because the Promissory Note was not yet ripe for suit at the time the Prior Action was filed, nor was it ripe for suit at the time the Prior Action was tried in 1990, the Promissory Note becoming ripe for suit only in 1995. Further, the Court of Appeals specifically held that the Declaratory Judgment Action was a case in which Bradley had requested the trial court to modify a prior judgment and not to construe a deed, will, written contract or other writing constituting a contract. This Court views and so finds this to be an additional essential difference between the Declaratory Judgment Action and this case. In this matter, there is a written contract or a writing constituting a contract in the form of the Note which is the subject of this action.

{11} 9. Defendants� defense predicated on former N.C. Gen. Stat. � 105-202 provides no bar to Plaintiff�s recovery on the Note because the statute has been repealed.

Based on the foregoing, and in order to make clear for appellate review this court�s rulings, this Court makes the following:

## CONCLUSIONS OF LAW

{12} 1. The Promissory Note is unambiguous.

{13} 2. The principal sum of $125,000.00, together with interest, attorney�s fees and all other reasonable fees and expenses incurred by Bradley in exercising his rights upon default by U.S. Packaging upon the

Note is due and payable to the Plaintiff by U.S. Packaging.

{14} 3. The parole evidence rule bars any oral modification of the terms of the Note.

{15} 4. The Defendants, including U.S. Packaging, Inc., are judicially estopped to deny the existence of the Note as a valid debt of U.S. Packaging, Inc., payable in part to the Plaintiff. The Defendants are further judicially estopped from contending in this action that the Note was intended as equity. This judicial estoppel is based upon the positions taken and testimony given by the Defendants in the Prior Action and, in particular, on statements of their counsel to the Court in the Prior Action that the Note was then outstanding and would have to be paid at some point in time and that the Court should take that into consideration in determining how and when U.S. Packaging should have to pay Mr. Bradley for his stock in U.S. Packaging. The Court concludes as a matter of law that the position taken by U.S. Packaging, Inc. and the other Defendants in this case are inconsistent with the position adopted by them in the Prior Action and there is, in addition to the parole evidence rule, a judicial estoppel which this Court applies in bar to the Defendants� positions and all defenses with respect to Plaintiff�s collection of his portion of the Note.

{16} 5. The Plaintiff has a right to sue on this Promissory Note as a demand instrument in which he is a joint payee, having joined the other alleged joint payees as parties defendant.

{17} 6. The amendments to the Complaint whereby the Plaintiff joined the Defendants Richard D. Hall, Mark C. Speckman and Clarence C. Dukeshire as parties defendant were filed at this Court�s direction after hearings in this case in which U.S. Packaging, Inc. contended, through the Defendants Richard D. Hall and Mark C. Speckman, that the Plaintiff was without the right to collect his portion of the Promissory Note unless the other payees of the Note were made parties to this case.

{18} 7. This Court has authority over the subject matter of this action and personal jurisdiction over all the Defendants. The individual Defendants are necessary and proper parties to determine U.S. Packaging, Inc.�s liability to Plaintiff on the Note.

{19} 8. In making this Order on Summary Judgment, this Court is not interpreting, modifying or reforming the Judgment in the Prior Action. This Court�s review of the transcript in the Prior Action took place only to the extent necessary to rule on the defenses raised by the Defendants which defenses were based on the proceedings and judgment in the Prior Action, and not for purposes of interpreting or modifying in any way the orders or the Judgment in the Prior Action.

{20} 9. The Plaintiff is not barred from recovery on the Note by the doctrines of res judicata, collateral estoppel or merger, nor is Plaintiff barred from recovery by the provisions of former N.C. Gen. Stat. � 105-202.

{21} 10. There is an actual and justiciable controversy existing between the Plaintiff on the one hand and the Defendants on the other.

{22} 11. Bradley is entitled to have and recover on the Note from the Defendant U.S. Packaging, Inc. the principal sum of $125,000.00, together with interest, attorney�s fees and all other reasonable fees and expenses incurred by Bradley in exercising his rights and remedies upon default on the Note by U.S. Packaging.

{23} Based on the pleadings, discovery and other facts and matters of record and the foregoing Findings of Fact and Conclusions of Law, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

{24} 1. The Motion to Dismiss and Motion for Summary Judgment of the Defendants Hall and Speckman and the Motion for Summary Judgment of the Defendant U.S. Packaging, Inc. are hereby DENIED in their entirety and the Motion for Summary Judgment of the Plaintiff is hereby GRANTED; and

{25} 2. Plaintiff shall have and recover the following from U.S. Packaging, Inc.:

(a) The sum of Two Hundred Forty-Two Thousand, Nine Hundred Fifty and 34/100 dollars ($242,950.34) with interest thereon from and after September 28, 1995 at the contract rate of fifteen percent (15%) per annum (which interest amount is equivalent to $99.84 per day), until all amounts due hereunder are paid in full; and

(b) The sum of Thirty-Six Thousand Five Hundred Two and 45/100 dollars ($36,502.45) in reasonable attorney�s fees; and

(c) The sum of Twelve Thousand Three Hundred Eighty-Three and 87/100 dollars ($12,383.87) in other reasonable fees and expenses incurred by Bradley in exercising his rights and remedies upon default by U.S. Packaging on the Note.

{26} 3. All costs of this action are taxed to Defendant U.S. Packaging to the extent they are not covered by the award in Paragraph 2 above.

This the 9th day of April, 1998.